# EXHIBIT 1
# Complaint

**IN THE CIRCUIT COURT
OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**Case No.**

MARIE JOLIBOIS,

      Plaintiff

vs.

PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY
FLORIDA, d.b.a. JACKSON HEALTH
SYSTEM,

      Defendant.

_____/

**COMPLAINT**

1. MARIE JOLIBOIS, ("Plaintiff"), brings this action against PUBLIC HEALTH TRUST OF

   MIAMI-DADE COUNTY FLORIDA, d.b.a. JACKSON HEALTH SYSTEM, ("Defendant")

   alleging as follows:

**JURY DEMAND**

2. Plaintiff demands a trial by jury on all claims properly triable by a jury.

**PARTIES, VENUE, AND JURISDICTION**

3. Plaintiff was at all relevant times hereto employed by Defendant. Plaintiff is over the age of

   18 and is otherwise *sui juris*.

4. Defendant is an employer within Miami-Dade County, which at all relevant times hereto

   violated Plaintiff's employment rights under the Americans with Disabilities Act ("ADA"),

   the Florida Civil Rights Act (FCRA), the Family and Medical Leave Act, ("FMLA"), Title

VII of the Civil Rights Act (Title VII), and/or 42 U.S. Code § 1983 ("Section 1983") for violation of 42 U.S.C. § 1981 ("Section 1981"). Defendant is otherwise *sui juris*.

5. Venue is proper in Miami-Dade County because Defendant employed Plaintiff in the county, and because the causes of action otherwise occurred in the County.

6. Venue is also proper in that Plaintiff and/or Defendant ("Parties") reside in this district, in that a substantial part of the events or omissions giving rise to the claim occurred in this district, and in that the Parties are subject to personal jurisdiction in this district with respect to this action, and/or there is no other district in which the action may otherwise be brought.

7. All conditions precedent to the bringing of this action have occurred or been performed, i.e., a Charge of Discrimination was filed, a Right to Sue Letter issued, and a lawsuit filed before the expiration of the Right to Sue letter from the EEOC.

8. This Court has jurisdiction over this action pursuant as well as supplemental jurisdiction over Plaintiff's related claims arising under federal, state, and/or local laws.

## COUNT 1
## Retaliation - FCRA, ADA, Title VII, and 1981/1983

9. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

10. At all relevant times, Plaintiff was an employee of Defendant and was qualified to work.

11. At all times material hereto, Defendant failed to comply with the law, which provides, in relevant part, the employer may not take any retaliatory personnel action against an employee because the employee performed a protected activity and/or had a good-faith, objectionably reasonable belief for performing such protected activity.

12. Plaintiff started working for Defendant on March 4, 2002, and was constructively discharged on October 30, 2022.

13. Plaintiff worked as a Clinical Care Coordinator for the Patient Transfer Center.

14. Plaintiff began to engage in protected activity by complaining about EEOC discrimination in 2019 to her supervisors, manager, union, and human resources. This is when Plaintiff was assigned a new manager. Plaintiff never had an issue with discrimination until this time.

15. Plaintiff continued to highlight EEOC discrimination at work until she was suddenly placed on administrative leave with no notice, warning, or reasoning.

16. Specifically, Plaintiff was placed on leave in March 2022. Plaintiff filed a grievance with her union and organized a meeting with Human Resources. Based on the investigation, Plaintiff was returned to work.

17. As a result of the investigation, it was uncovered that Plaintiff was being discriminated against in violation of the EEOC laws, i.e., her request for ADA accommodations, i.e., time off work for treatment, plus conversations about her disability with her supervisor, were used against Plaintiff as a means to argue that Plaintiff was unfit for work.

18. At this point, while still employed, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission for disability, race, color, and national origin. In response, Plaintiff was ignored and outcasted, making it impractical to complete her duties and causing unreasonable stress.

19. It is telling that Plaintiff was constructively terminated less than six (6) months after filing a Charge of Discrimination with the Equal Employment Opportunity Commission for disability, race, color, and national origin.

20. It is further telling that Defendant went back in time to locate emails to attempt to support their decision to place Plaintiff on administrative leave.

21.  Plaintiff had always been fit for work and continued to work for several months after she returned from administrative leave, until October 30, 2022, when Plaintiff was left with no choice and was constructively discharged.

22. Defendant retaliated against Plaintiff for complaining about EEOC discrimination, due to providing notice of her disability, requesting an ADA accommodation, and due to filing an EEOC Charge of Discrimination while still employed.

23. The causal link between Plaintiff's protected activity and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; led to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

24. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

25. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

26. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

27. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

28. Plaintiff hereby requests a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT 2**
**Discrimination - Race/Color 1981/1983**

29. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

30. At all relevant times, Plaintiff was an employee of Defendant and was qualified to work.

31. Plaintiff started working for Defendant on March 4, 2002, and was constructively discharged on October 30, 2022.

32. Plaintiff worked as a Clinical Care Coordinator for the Patient Transfer Center.

33. The discrimination against Plaintiff began around 2019 when she was assigned a new manager. Plaintiff never had an issue with discrimination until this time.

34. Plaintiff's protected category is her Race and Color (Black).

35. Plaintiff was the only member of her team within her protected category.

36. Plaintiff was discriminated against, subject to harassment and a hostile work environment, for example: 1) Plaintiff's request for earned time/days off was arbitrarily denied for no reason, even to see a dying family member or for medical procedures, yet other similar employees could take time off work at will; 2) Plaintiff was outcasted in not made part of the team like was done with all other team members; 3) Was accused of being on drugs when disclosed her medical treatment for her disability, etc.

37. Plaintiff had issues with discrimination until they escalated when she was suddenly placed on administrative leave with no notice, warning, or reasoning.

38. Specifically, Plaintiff was placed on leave in March 2022. Plaintiff filed a grievance with her union and organized a meeting with Human Resources. Based on the investigation, Plaintiff was returned to work.

39. Plaintiff was accused of being unfit as her manager assumed that due to her race and medical condition, she must have been on drugs.

40. Plaintiff was constructively discharged as she had no choice but to end her employment after no appropriate remedial actions were taken to help her due to illegal discrimination, which continued even after fighting and being reinstated to work with full duties.

41. Plaintiff's protected category was the motivating factor for the discrimination, harassment, and constructive termination, as there was no other reason for such action.

42. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; lead to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

43. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

44. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

45. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

46. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

47. Plaintiff hereby requests a jury trial.

48. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT 3**
**Discrimination - National Origin 1981/1983**

49. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

50. At all relevant times, Plaintiff was an employee of Defendant and was qualified to work.

51. Plaintiff started working for Defendant on March 4, 2002, and was constructively discharged on October 30, 2022.

52. Plaintiff worked as a Clinical Care Coordinator for the Patient Transfer Center.

53. The discrimination against Plaintiff began around 2019 when she was assigned a new manager. Plaintiff never had an issue with discrimination until this time.

54. Plaintiff's protected category is her National Origin, (Haitian).

55. Plaintiff was the only member of her team within her protected category.

56. Plaintiff was discriminated against, subject to harassment and a hostile work environment, for example: 1) Plaintiff's request for earned time/days off was arbitrarily denied for no reason, even to see a dying family member or for medical procedures, yet other similar employees could take time off work at will; 2) Plaintiff was outcasted in not made part of the team like was done with all other team members; 3) Was accused of being on drugs when disclosed her medical treatment for her disability, etc.

57. Plaintiff had issues with discrimination until they escalated when she was suddenly placed on administrative leave with no notice, warning, or reasoning.

58. Specifically, Plaintiff was placed on leave in March 2022. Plaintiff filed a grievance with her union and organized a meeting with Human Resources. Based on the investigation, Plaintiff was returned to work.

59. Plaintiff was accused of being unfit as her manager assumed that due to her national origin and medical condition, she must have been on drugs.

60. Plaintiff was constructively discharged as she had no choice but to end her employment after no appropriate remedial actions were taken to help her due to illegal discrimination, which continued even after fighting and being reinstated to work with full duties.

61. Plaintiff's protected category was the motivating factor for the discrimination, harassment, and constructive termination, as there was no other reason for such action.

62. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; led to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies;

and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

63. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

64. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

65. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

66. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

67. Plaintiff hereby requests a jury trial.

68. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third

party administer claims of discrimination/retaliation, to have Defendant develop and

implement new anti-discrimination/retaliation policies and procedures and/or from

disallowing Defendant's employees responsible for the actions against Plaintiff to return to

Defendant property or work for Defendant; award to Plaintiff all costs and reasonable

attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or

alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to

under the applicable laws.

**COUNT 4**
**Discrimination - Disability FCRA, ADA**

69. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

70. At all relevant times, Plaintiff was an employee of Defendant and was qualified to work.

71. Plaintiff started working for Defendant on March 4, 2002, and was constructively discharged

on October 30, 2022.

72. Plaintiff worked as a Clinical Care Coordinator for the Patient Transfer Center.

73. The discrimination against Plaintiff began around 2019 when she was assigned a new

manager. Plaintiff never had an issue with discrimination until this time.

74. Plaintiff's protected category is her disability and/or being regarded as disabled.

75. Plaintiff had a long documented history of disability with Defendant and was even approved

for intermittent medical leave as needed due to her disability.

76. Plaintiff was the only member of her team within her protected category.

77. Plaintiff was discriminated against, subject to harassment and a hostile work environment,

for example: 1) Plaintiff's request for earned time/days off was arbitrarily denied for no

reason, even to see a dying family member or for medical procedures, yet other similar

employees could take time off work at will; 2) Plaintiff was outcasted in not made part of the

team like was done with all other team members; 3) Was accused of being on drugs when disclosed her medical treatment for her disability, etc.

78. Plaintiff had issues with discrimination until they escalated when she was suddenly placed on administrative leave with no notice, warning, or reasoning.

79. Specifically, Plaintiff was placed on leave in March 2022. Plaintiff filed a grievance with her union and organized a meeting with Human Resources. Based on the investigation, Plaintiff was returned to work.

80. Plaintiff was accused of being unfit as her manager assumed that due to her disability.

81. Plaintiff was constructively discharged as she had no choice but to end her employment after no appropriate remedial actions were taken to help her due to illegal discrimination, which continued even after fighting and being reinstated to work with full duties.

82. Plaintiff's protected category was the motivating factor for the discrimination, harassment, and constructive termination, as there was no other reason for such action.

83. The causal link between Plaintiff's protected category and Defendant's actions by and through its employees; caused Defendant's harassment, discrimination, and/or termination, adverse employment actions; led to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected category.

84. Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the law.

85. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered damages: wages, both in the past, present, and future, as well as compensatory damages, etc.

86. Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress. The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages. Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

87. Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding. Plaintiff seeks recovery of reasonable and necessary attorney's fees.

88. Plaintiff hereby requests a jury trial.

89. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable

attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

### COUNT 5
### FMLA Interference

90. Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

91. Defendants are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce, and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

92. Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e., employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

93. Defendant has the minimum number of employees, and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was, in fact, approved for FMLA leave by Defendant).

94. Plaintiff gave Defendant proper notice of intent to take leave under the FMLA after expressly notifying Defendant, which alerted Defendant of the need for medical leave. As such, Defendant possessed actual knowledge of Plaintiff's serious health condition and need for leave.

95. Plaintiff was on approved intermittent FMLA leave at the time that her employment ended.

96. At all relevant times, Plaintiff was an employee of Defendant and was qualified to work.

97. Plaintiff started working for Defendant on March 4, 2002, and was constructively discharged on October 30, 2022.

98. Plaintiff worked as a Clinical Care Coordinator for the Patient Transfer Center.

99. Plaintiff's FMLA was interfered with, for example: 1) Plaintiff's request for earned time/days off was arbitrarily denied for no reason, even to see a dying family member or for medical procedures, yet other similar employees could take time off work at will; 2) Was accused of being on drugs when disclosed her medical treatment for her disability and reason for medical leave, etc.

100.    Plaintiff was constructively discharged as she had no choice but to end her employment after no appropriate remedial actions were taken to help Plaintiff due to illegal interference, such as Plaintiff's requests being delayed, ignored, and denied for no reason at all.

101.    Plaintiff's request for FMLA leave and discussions as to the reason why the FMLA leave was required, was the motivating factor for termination, as there was no other reason for such action.

102.    Defendant interfered, restrained, intimidated, deterred, and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested.

103.    Plaintiff's requests were based on good faith. Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need for leave; Defendant interfered with, restrained, deterred, and terminated Plaintiff due to the FMLA leave request.

104.    The causal link between Plaintiff's protected activity to Defendant's interference, retaliation, and/or termination, has made Plaintiff and other employees reluctant to exercise their rights; which has led to a pattern, practice, and/or policy of illegal employment action;

misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

105.    Defendant's interference, restraint, intimidation, and deterrence were adverse employment actions as these actions made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because Plaintiff requested FMLA leave as Plaintiff was terminated just a few months after requesting FMLA leave and one month after her return to work.

106.    Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

107.    Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the FMLA due to interference, restraint, and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but Defendant interfered and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

108.    Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability/FMLA in violation of the foregoing statutes against Plaintiff as they maintain a pattern of harassing, terminating, and denying FMLA requests to employees with disabilities and FMLA.

109.    As a direct and proximate result of the actions of Defendant in violation of the FMLA, Plaintiff has suffered damages, including lost wages, both in the past, present, and future, as

well as compensatory damages, loss of benefits, and other compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing. Plaintiff is entitled to lost wages (plus prejudgment interest), the recovery of full costs to replace the benefits, or the full cost of the benefits as paid by the employer.

110.    Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA.

111.    Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA.

112.    Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

113.    Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

114.    Plaintiff hereby requests a jury trial.

115.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant

from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

**COUNT 6**
**FMLA Retaliation**

116.    Plaintiff repeats and realleges paragraphs 1 through 8 as if fully set forth herein.

117.    Defendants are an "employer" for purposes of the FMLA because it is engaged in an industry or activity affecting commerce, and it has employed 50 or more employees for each working day during each of 20 or more calendar weeks in the current or preceding calendar year and/or Defendant were eligible employers pursuant to the Family Medical Leave Act and/or The Defendant are employers as defined under the FMLA.

118.    Plaintiff is an "eligible employee" for purposes of FMLA coverage, i.e., employed for at least 12 months by Defendant and provided at least 1,250 hours of service in the 12 months immediately preceding the need for leave (Plaintiff was an eligible employee of Defendant as defined by the FMLA).

119.    Defendant has the minimum number of employees, and/or Plaintiff was entitled to FMLA leave because of a qualifying reason as defined by the FMLA (and was approved for FMLA leave by Defendant).

120.    Plaintiff gave Defendant proper notice of intent to take leave under the FMLA after expressly notifying Defendant, which alerted Defendant of the need for medical leave. As such, Defendant possessed actual knowledge of Plaintiff's serious health condition and need for leave.

121.    Plaintiff was on approved intermittent FMLA leave at the time that her employment ended.

122.    At all relevant times, Plaintiff was an employee of Defendant and was qualified to work.

123.    Plaintiff started working for Defendant on March 4, 2002, and was constructively discharged on October 30, 2022.

124.    Plaintiff worked as a Clinical Care Coordinator for the Patient Transfer Center.

125.    Plaintiff's FMLA was interfered with, for example: 1) Plaintiff's request for earned time/days off was arbitrarily denied for no reason, even to see a dying family member or for medical procedures, yet other similar employees could take time off work at will; 2) Was accused of being on drugs when disclosed her medical treatment for her disability and reason for medical leave, etc.

126.    Plaintiff was constructively discharged as she had no choice but to end her employment after no appropriate remedial actions were taken to help Plaintiff due to illegal interference, such as Plaintiff's requests being delayed, ignored, and denied for no reason at all.

127.    Plaintiff's request for FMLA leave and discussions as to the reason why the FMLA leave was required, was the motivating factor for termination, as there was no other reason for such action.

128.    Defendant retaliated, restrained, intimidated, deterred, and terminated Plaintiff while needing FMLA leave and/or while FMLA was requested.

129.    Plaintiff's requests were based on good faith. Plaintiff was eligible for FMLA leave; Plaintiff was entitled to FMLA leave; Plaintiff gave Defendant proper notice of the need for leave; and Defendant retaliated, restrained, deterred, and terminated Plaintiff due to the FMLA leave request.

130.    The causal link between Plaintiff's protected activity to Defendant's retaliation and/or termination has made Plaintiff and other employees reluctant to exercise their rights; which has led to a pattern, practice, and/or policy of illegal employment action; misconduct which is so regular as to become a de facto policy; failure to enforce any policy against such illegal activity; failure to follow Defendant's own employment policies; and/or Defendant took these adverse employment actions in substantial part because of Plaintiff's protected activity.

131.    Defendant's retaliation, restraint, intimidation, and deterrence were adverse employment actions as these actions made Plaintiff and other employees reluctant to exercise the FMLA leave; and Defendant took these adverse employment actions in substantial part because Plaintiff requested FMLA leave as Plaintiff was terminated just a few months after requesting FMLA leave and one month after her return to work.

132.    Defendant did not act in good faith, nor did they have an objective, reasonable ground to believe that their action did not violate the FMLA.

133.    Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs, and usages made unlawful by the FMLA due to retaliation, restraint, and deterrence of FMLA rights as Plaintiff made it known to the Defendant that medical leave under the FMLA may be required but Defendant retaliated and deterred Plaintiff and other employees from using such medical leave by terminating Plaintiff.

134.   Defendant, acting by and through its employees, maintained policies in violation of the FMLA for retaliation, restraint, and deterrence of FMLA rights as they did not enforce their own policies regarding the FMLA but instead terminated Plaintiff after being placed on notice of the need for medical leave under the FMLA.

135.   Defendant, acting by and through its employees, maintained a policy of discrimination and harassment based on disability/FMLA, in violation of the foregoing statutes against Plaintiff, as they do not enforce their own policies and Defendant maintains a pattern of harassing, terminating, and denying FMLA requests to employees with disabilities and FMLA.

136.   As a direct and proximate result of the actions of Defendant is in violation of the FMLA, Plaintiff has suffered damages, including lost wages, loss of benefits, and other compensation and interest thereon. Plaintiff's loss of wages and benefits is ongoing.  Plaintiff is entitled to lost wages (plus pre-judgment interest), the recovery of full costs to replace the benefits, or the full cost of the benefits as paid by the employer.

137.   Moreover, Plaintiff is entitled to recover liquidated damages under the FMLA.

138.   Plaintiff is entitled to reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action pursuant to the FMLA.

139.   As a direct and proximate result of the aforementioned acts, Plaintiff has suffered a loss of wages, both in the past, present, and future, as well as compensatory damages.

140.   Defendant's actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by Defendant were aggravated by the kind of willfulness, wantonness, and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a

sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

141.    Defendant's actions and conduct as described herein and the resulting damage and loss to Plaintiff have necessitated Plaintiff's retaining the services of AN Law Firm, P.A., 7900 Oak Lane #400 AN Law, Miami Lakes, FL 33016, to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

142.    Plaintiff hereby requests a jury trial.

143.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests judgment as follows: that the court accept jurisdiction over this matter; award Plaintiff for past and future loss of wages and benefits, plus interest; award Plaintiff compensatory and punitive damages; order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits); injunctive relief, order Defendant from refraining from such action in the future, to attend mandatory training, to have a third party administer claims of discrimination/retaliation, to have Defendant develop and implement new anti-discrimination/retaliation policies and procedures and/or from disallowing Defendant's employees responsible for the actions against Plaintiff to return to Defendant property or work for Defendant; award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment as follows:

A.  Accept jurisdiction over this matter;

B.  Award Plaintiff for past and future loss of wages and benefits, plus interest;

C.  Award Plaintiff compensatory and punitive damages;

D.  Order Defendant' to reinstate Plaintiff to a position comparable to the former position or, in lieu of reinstatement, award front pay (including benefits);

E.  Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action; and

F.  Grant Plaintiff such additional or alternative relief as the Court deems just and proper and/or which Plaintiff may be entitled to under the applicable laws.

Dated: September 19, 2023                    Respectfully submitted,

/s/Alberto Naranjo
AN Law Firm, P.A.
7900 Oak Lane #400
Miami Lakes, FL 33016-5888
United States
Office: 305-942-8070
Email: an@anlawfirm.com
Counsel for Plaintiff