UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-24442-BLOOM/Torres

MARIE JOLIBOIS,

    Plaintiff,

v.

PUBLIC HEALTH TRUST OF
MIAMI-DADE COUNTY
*d/b/a* Jackson Health System

    Defendant.
_____/

## ORDER ON PARTIES' MOTION *IN LIMINE*

**THIS CAUSE** is before the Court upon the Parties' Joint Summary of Parties' Motions *in Limine* ("Motion"), ECF No. [70]. The Court has reviewed the Motions, the supporting and opposing submissions, the record in the case, and is otherwise fully advised. For the reasons that follow, the Parties' Motions *in Limine* are granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Marie Jolibois originally filed this action against Defendant Public Health Trust of Miami-Dade County ("PHT") on September 19, 2023, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County. *See* ECF No. [1-1]. Thereafter, PHT removed this case on the basis of federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. ECF No. [1]. In the operative Complaint, Jolibois asserts claims against PHT for Retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. ("Title VII") (Count I); Retaliation under the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA") (Count II); Retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA") (Count III); Retaliation under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 (Count IV); Discrimination on the

Basis of her Race and Color under Title VII (Count V); Discrimination on the Basis of her Race and Color under § 1981 and § 1983 (Count VI); Discrimination on the Basis of her Race and Color under the FCRA (Count VII); Discrimination on the Basis of National Origin under Title VII (Count VIII); Discrimination on the Basis of National Origin under § 1981 and § 1983 (Count IX); Discrimination on the Basis of National Origin under the FCRA (Count X); Discrimination on the Basis of Disability under the FCRA (Count XI); Discrimination on the Basis of Disability under the ADA (Count XII); Interference under the Family Medical Leave Act ("FMLA") (Count XIII); and Retaliation under the FMLA (Count XIV). ECF No. [26]. PHT moved for summary judgment on all counts. ECF No. [43].

On March 31, 2025, the Court granted summary judgment in favor of PHT as to Counts I-XII, and XIV. *See* ECF No. [63]. Accordingly, Count XIII (FMLA Interference) will proceed to trial on April 21, 2025. ECF No. [57]. In anticipation of the upcoming trial, the Parties have submitted their Joint Summaries of Motions *in Limine*. ECF No. [70].

**II. LEGAL STANDARD**

**A. Motions *in Limine***

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal citation omitted). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No.

2

3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)).

"Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013); Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (quoting *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011)); *see United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect[.]" *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (quoting *United States v. Cross*, 928 F.2d 1030, 1048 (11th Cir. 1991)).

### III.   DISCUSSION

#### A. Plaintiff's Motion *in Limine*

Jolibois moves to exclude the following ten categories of evidence at trial:

### i. Settlement Offers

Jolibois seeks to exclude any reference to whether the parties have made or declined any settlement offers. ECF No. [70] at 1. PHT has no objection to the Motion to the extent allowable by the Federal Rules of Civil Procedure. *Id.* at 3. Accordingly, Jolibois' first Motion is granted.

### ii. Prior or Other Lawsuits

Jolibois requests that the Court preclude reference to the Parties' involvement in other employment claims, lawsuits, EEOC charges, or legal matters unrelated to this case, including bankruptcy or tax matters. ECF No. [70] at 1. Jolibois contends that such evidence is irrelevant under Federal Rules of Evidence 401 and 403 and constitutes improper character evidence under Rule 404. *Id.* at 1-2. PHT objects that the Motion is vague. *Id.* at 3.

> Prior acts of a party, such as previous lawsuits, are generally not permitted to prove the character of a party on a particular occasion, though they can be used to prove motive, intent, preparation, plan, or knowledge. Fed. R. Evid. 404(b). Even so, the probative value must outweigh the prejudicial effect that prior act may have on a present case. Fed. R. Evid. 403.

*Bui v. Minority Mobile Sys., Inc.*, Case No. 15-21317-Civ-COOKE/TORRES, 2016 WL 6518804, at *1 (S.D. Fla. Jan. 28, 2016) (granting motion *in limine* that sought to exclude reference to previous lawsuits filed against the defendant).

Here, however, Jolibois does not specify which, if any, prior lawsuits, charges, or claims she seeks to exclude. If evidence is not clearly inadmissible, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (internal quotation omitted). Accordingly, Jolibois' second Motion is denied.

### iii. Undisclosed Witnesses or Experts

Jolibois seeks to exclude the use of any witness, expert, or testimony not properly disclosed under Rule 26. ECF No. [70] at 2. However, Jolibois fails to point to any specific evidence that she seeks to exclude. As courts have previously stated:

> Motions *in limine* that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied, as the real purpose of a motion *in limine* is to avoid the introduction of evidence at trial that is clearly inadmissible on all potential grounds and could irretrievably impact the fairness of the trial.

*SEC v. MintBroker Int'l, Ltd.*, No. 21-CV-21079-BLOOM/Torres, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024) (quoting *Robbins v. Robertson*, No. 7:15-CV-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022)); *see also Perez v. Fla. POP, LLC*, No. 20-14214-CV-MAYNARD, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (denying motions *in limine* for being "too vague, overbroad, or confusing for purposes of making a definitive informed pretrial ruling").

Because Jolibois does not offer any insight as to what specific evidence is or is not covered, this issue is better addressed once such evidence is presented at trial. *See Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) ("When confronted with a broad motion in limine, . . . the 'better practice is to deal with questions of admissibility of evidence as they arise' during the trial." (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975))). Accordingly, Jolibois' third Motion is denied.

### iv. Character Attacks or Name Calling

Jolibois seeks to exclude any argument or testimony implying Jolibois is greedy, litigious, or seeking a windfall, or that this is a frivolous lawsuit. ECF No. [70] at 2. PHT has no objection to the Motion. *Id.* at 3. Accordingly, Jolibois' fourth Motion is granted.

### v. Collateral Source Benefits

Jolibois seeks to exclude testimony or documents related to whether Jolibois received unemployment, SSDI, or other collateral source benefits. ECF No. [70] at 2. PHT responds that Jolibois' Motion is vague. *Id.* at 3. Jolibois has not identified any particular evidence that may be introduced, nor has Jolibois presented any argument as to why such evidence is prejudicial. *See Perez v. Fla. POP, LLC*, No. 20-14214-CV, 2022 WL 18023487, at *2 (S.D. Fla. Jan. 28, 2022) (denying motions *in limine* for being "too vague, overbroad, or confusing for purposes of making a definitive informed pretrial ruling"). Thus, Jolibois' fifth Motion is denied.

### vi. Time-Off Requests and Medical Leave

Jolibois requests that the Court exclude any suggestion that Jolibois "abused leave or made excessive time-off requests." ECF No. [70] at 2. Jolibois argues that any use of FMLA leave or ADA accommodations is protected activity, and negative inferences are barred under anti-retaliation provisions. *Id.* PHT responds that Jolibois' Motion is vague. *Id.* at 3.

Per 28 U.S.C. § 2615(a)(1), "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." While Jolibois is correct that use of FMLA leave is protected activity, and an inference that she abused leave may be prejudicial, Jolibois fails to specify or identify what she seeks to exclude, and the Court cannot determine the specific evidence to which Jolibois refers. For example, the Motion does not indicate whether Jolibois is asking the Court to preclude reference to non-FMLA leave, an inference that Jolibois abused FMLA leave, or specific instances regarding Jolibois' time-off requests. "Motions *in limine* that are broad, vague, and include speculative categories of evidence and argument of which the Court cannot predetermine the admissibility are due to be denied[.]" *SEC v. MintBroker Int'l, Ltd.*, Case No. 21-cv-21079-

BLOOM/Torres, 2024 WL 2292470, at *20 (S.D. Fla. May 21, 2024) (quoting *Robbins v. Robertson*, No. 7:15-CV-00124 (WLS), 2022 WL 2987890, at *5 (M.D. Ga. July 28, 2022)). Thus, at this juncture, Jolibois' sixth Motion is denied.

### vii. Jolibois' Disability or Medical Conditions

Jolibois seeks to exclude any suggestion that Jolibois is not disabled because she "appeared fine." ECF No. [70] at 2. PHT does not object to the Motion to the extent allowable by the Federal Rules of Civil Procedure. *Id.* at 3. Accordingly, Jolibois' seventh Motion is granted. *See* 42 U.S.C. § 12102(4)(E).

### viii. Lay Opinions on Medical or Psychological Fitness

Jolibois also seeks to exclude any testimony from non-experts that Jolibois was unstable, unfit for work, or mentally unwell. ECF No. [70] at 2. PHT has no objection to the extent allowable by the Federal Rules of Civil Procedure. *Id.* at 3. Per Federal Rule of Evidence 701, a lay witness may provide "testimony in the form of an opinion" so long as the testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Thus, to the extent that a witness's lay opinion does not comport with Rule 701, Jolibois' seventh Motion is granted.

### ix. Unrelated Employment History

Jolibois asks that the Court preclude testimony or documents regarding Jolibois' employment outside of Jackson Health System and argues that such evidence is irrelevant and unduly prejudicial. ECF No. [70] at 2. PHT has no objection to the extent allowable by the Federal Rules of Civil Procedure. *Id.* at 3. Accordingly, Jolibois' ninth Motion is granted.

### x. Damages-Related Evidence

Jolibois seeks to exclude testimony about PHT's financial hardship, cost of, or emotional harm suffered by PHT's agents or representatives. ECF No. [70] at 3 (citing Fed. R. Evid. 401, 403). PHT does not respond to this issue. *Id.* at 3. "It is well settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences which may befall a defendant." *SEC v. Alar*, CIVIL ACTION FILE NO. 1:19-cv-03265-CMS, 2022 WL 21302161, at *1 (N.D. Ga. Sept. 30, 2022); *cf. Shannon v. United States*, 114 S. Ct. 2419, 2424 (1994) ("Information regarding the consequences of a verdict is . . . irrelevant to the jury's task.); *Rahmings v. Essary*, Civil No. 10–cv–716, 2012 WL 12904160, at *3 (M.D. Fla. Feb. 28, 2012) (excluding evidence "designed to play on the sympathies of the jury," including evidence regarding the nature of the defendants' business and that litigating is a financial hardship).

The Court agrees that evidence about PHT's financial hardship or emotional harm is irrelevant to the jury's task in this case and would "encourage deliberation based upon emotional considerations which would be improper." *SEC*, 2022 WL 21302161, at *1; Fed. R. Evid. 402, 403. Thus, Jolibois' tenth Motion is granted.

### B. Defendant's Motion *in Limine*

PHT moves to exclude the following two categories of evidence at trial:

### i. Evidence of Alleged Discrimination, Retaliation, and Constructive Discharge

PHT seeks to exclude all evidence that Jolibois alleges supported her discrimination and retaliation claims – *i.e.*, that she was constructively discharged and that the denial of her requests for leave was the motivating factor in her termination. ECF No. [70] at 4-5. Further, PHT seeks to exclude any evidence related to Jolibois' alleged protected categories, including her protected activity, disability, discrimination, and retaliation, because these categories are not relevant to the

FMLA Interference claim. *Id.* Jolibois does not object to excluding any evidence or testimony of alleged discrimination and retaliation but contends that evidence or testimony related to Jolibois' resignation is relevant to her entitlement to damages. *Id.* at 5.

An FMLA interference claim requires that the plaintiff show she was entitled to a benefit under the FMLA, her employer denied that benefit, and she must "demonstrate harm, or prejudice, resulting from the employer's interference with her exercise (or attempted exercise) of an FMLA benefit." *Ramji v. Hosp. Housekeeping Sys., LLC*, 992 F.3d 1233, 1245 (11th Cir. 2021). Jolibois contends her resignation is relevant to demonstrate harm from PHT's interference with her FMLA rights.

"District courts routinely exclude evidence and argument related to previously dismissed claims as irrelevant and prejudicial." *See, e.g.*, *DeBose v. Univ. of S. Fla. Bd. of Trs.*, Case No.: 8:15-cv-2787-EAK-AEP, 2018 WL 8919981, at *2 (M.D. Fla. Sept. 9, 2018). "If, however, the claims share the same underlying facts, it is possible that those underlying facts themselves may be admissible." *Anderson v. Brown Indus.*, CIVIL ACTION FILE NO.: 4:11-CV-0225-HLM, 2014 WL 12521732, at *4 (N.D. Ga. Mar. 14, 2014) (emphasis omitted). Here, Jolibois' former claims are no longer at issue, and Jolibois' argument that her resignation is relevant to her entitlement for damages does not open the door for Jolibois to revive her constructive discharge claim. Jolibois has made no showing that a voluntary resignation can satisfy the harm element to support an FMLA interference claim. Therefore, to the extent PHT seeks to exclude evidence or testimony that involve Jolibois' claims that were dismissed prior to trial, including evidence related to the issue of whether Jolibois was constructively discharged, the Motion is granted.

### ii. Exclude Evidence of Other Matters Unrelated to Jolibois' Eye Surgeries

PHT argues that Jolibois should be precluded from presenting any other matters unrelated to her eye surgeries in 2021. ECF No. [70] at 4. Jolibois responds that any testimony about FMLA usage or requests from 2021 to the date of Jolibois' resignation should be allowed to support her entitlement to damages. *Id.* at 5.

PHT cites to Federal Rule of Evidence 403 for support, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, the Court finds that ruling on this issue would be premature. At this juncture, it is not clear if this type of evidence will even be offered. *See Whidden v. Roberts*, 334 F.R.D. 321, 323 (N.D. Fla. 2020) ("When confronted with a broad motion *in limine*, . . . the 'better practice is to deal with questions of admissibility of evidence as they arise' during the trial.") (quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). As such, the Court denies PHT's Motion on this issue.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motions *in Limine*, **ECF No. [70]**, are **GRANTED IN PART** and **DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 14, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record